UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> DEANDRE TAYLOR, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:21-cr-00188-GMN-VCF <br><br> **ORDER DENYING DEFENDANT's MOTION FOR SENTENCE REDUCTION UNDER AMENDMENT 821** |

Pending before the Court is the Motion for Sentence Reduction Under Amendment 821, (ECF No. 41), filed by Defendant Deandre Taylor. Under General Order 2023-09, the Federal Public Defender's Office was appointed to determine whether Defendant qualified for his requested relief and was required within 30 days of a *pro se* motion for relief under Amendment 821 to file a contested motion, a joint stipulation for a sentence reduction, or a notice of non-eligibility. Here, the FPD's office filed a Notice of Non-Eligibility, explaining that upon review of Defendant's "*pro se* filing" and "additional relevant documents" he "does not qualify for a sentence reduction." (Notice Non-Eligibility 1:17–22, ECF No. 44).

For the reasons discussed below, the Court **DENIES** Defendant's Motion for Sentence Reduction Under Amendment 821 because he has not met his burden of showing a reduction is warranted under the amendments to the United States Sentencing Guidelines.

I. **BACKGROUND**

In April 2022, Defendant pleaded guilty to Count One of the Indictment—Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (*See* Mins. Proceedings, ECF No. 30); (Judgment ("J."), ECF No. 33). In July 2022, the Court

sentenced Defendant to 46 months' imprisonment to be followed by two years of supervised release with special conditions. (*See* Mins. Proceedings, ECF No. 32); (J.).  Defendant now petitions the Court for a sentence reduction under Amendment 821 to the United States Sentencing Guidelines, (ECF No. 41).

## II. LEGAL STANDARD

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances. 18 U.S.C. § 3582(b).  Section 3582(c)(2) establishes an exception to the general of finality. *Dillon v. United States*, 560 U.S. 817, 824 (2010).  Specifically, § 3582(c)(2) provides,

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently lowered by the Sentencing Commission . . . ., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582.  Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. *Dillon*, 560 U.S. at 826.  Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

## III. DISCUSSION

Amendment 821 to the Sentencing Guidelines took effect November 1, 2023, and applies retroactively. *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); Amendment 821, U.S. Sent'g Comm'n, https://www.ussc.gov/guidelines/amendment/821 (last visited Feb. 16, 2024).  Amendment 821

is bifurcated into Parts A and B.  The Court begins by examining Defendant's eligibility for a sentence reduction under Part A.

### A.  Part A – Amendment 821

Part A of Amendment 821 limits the criminal history impact of "status points" under U.S.S.G. § 4A1.1.  Specifically, with regard to "status points," under U.S.S.G. § 4A1.1, a defendant who committed the instant offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status," previously received two additional criminal history points.  Amendment 821 amends § 4A1.1 to: (1) eliminate such status points for any defendant who otherwise has six or fewer criminal history points; and (2) apply one point, instead of two, for defendants who otherwise present seven or more criminal history points.

Defendant is not eligible for a sentence reduction under Part A because the application of Amendment 821 does not have the effect of lowering his guideline range.  Defendants are placed into Criminal History Category IV if they have seven to nine criminal history points. *See* U.S.S.G. ch. 5, part A.  Here, Defendant had nine criminal history points at the time of sentencing. (PSR ¶ 45).  Assuming Amendment 821's application, Defendant would have one criminal history point removed because he had more than six criminal history points from prior convictions. *See United States v. Mariscal-Sanabia*, No. 2:19-cr-00251, 2024 WL 841094, at *2 (D. Nev. Feb. 27, 2024).  With eight criminal history points, Defendant's Criminal History Category would remain Category IV. *See* U.S.S.G. ch. 5, part A.

Under U.S.S.G. § 1B1.10, Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement), a court is not authorized to reduce a defendant's term of incarceration if the amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).  Because the recalculation of Defendant's criminal history score does not affect his Criminal History Category and his guideline sentence,

the Court is not authorized to reduce his term of incarceration. *Mariscal-Sanabia*, 2024 WL 841094, at *2. Accordingly, a sentence reduction is not warranted under Part A.

### B. Part B – Amendment 821

"Part B, Subpart 1 of the amendment provides a two-level reduction in the offense level for certain zero-point offenders—that is, defendants with no criminal history whose offenses meet the guideline's criteria." *United States v. Diaz-Diaz*, No. 19-cr-0187, 2023 WL 9040636, at *1 (W.D. Wash. Dec. 29, 2024); *see also* U.S.S.G. § 4C1.1(a). Defendant had nine criminal history points at sentencing. (PSR ¶ 45). As a result, Defendant does not qualify for Amendment 821's two-level reduction in the offense level and his sentencing range remains unchanged. *Diaz-Diaz*, 2023 WL 9040636, at *1.

In sum, a sentence reduction is not warranted under Parts A and B to Amendment 821. Accordingly, Defendant's Motion for Sentence Reduction is DENIED.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Sentence Reduction Under Amendment 821, (ECF No. 41), is **DENIED**.

**DATED** this __9__ day of May, 2024.

_____
Gloria M. Navarro, District Judge
United States District Court